The other judges concurred in the opinion of Joynes, J.
The decree in the first two causes was as follows:
The court is of opinion, for reasons stated in writing, and filed with the record, that the said Circuit court, instead of proceeding to make a decree upon the merits of the said first mentioned cause of Corbin v. Mills’ ex’ors & als., should have required the plaintiff to amend his bill, so as to make Charles Y. Morris and Thomas Bradford, and the purchasers of the Leigh street lot, parties defendant; and after the said parties had been brought before the court, should have allowed all the parties to take new evidence, and should, if the state of evidence made it proper, have directed an enquiry by a commissioner to ascertain w'hat was the true value of the Leigh street lot at the time of the sale thereof by the executors, and what was the average value of said property, in fee simple, in ordinary times, before the commencement of the late war; and also to ascertain what was the value of Confederate treasury notes, as compared with specie, at the several dates at which the executors received from Charles Y. Morris and Thomas Bradford payments in said notes on account of the principal money due from them respectively to the testator at the time of his death; and to what extent said treasury notes were at said several times available, according to the common usages of business in ^Richmond, for the payment of debts payable in specie, and well secured on real estate, or for the purchase of property or otherwise.
The court is further of opinion that, according to the true construction of the fourth clause of the will of Nicholas Mills, deceased, the bequest therein of the several sums of $1,080, $450 and $540 per annum to Sarah Ann Robinson for life, were not specific legacies of the interest, payable on certain debts, but were demonstrative legacies; that is to say, they were general legacies, payable out of the general assets, but with an appropriation of certain subjects as the primary fund for their satisfaction ; and that the bequest of the several sums of $18,000, $7,500 and $9,000, after the death of said Sarah Ann Robinson, were in like manner demonstrative and not specific legacies.
The court is further of opinion that the bequest, after the death of the said Sarah Ann Robinson, of $5,000 in Virginia State stock is a general legacy of bonds or certificates of debt of the State of Virginia, of the nominal amount of $5,000 on their face, and that the bequest of $300 per annum to said Sarah Ann Robinson for life, is a bequest of the interest payable on said $5,000 of bonds or certificates, and that in case of any failure of the State to pay interest on said bonds or certificates, the said annual sum of $300 is not to be made up out of the general assets.
The court is further of opinion that the children of Sarah Ann Robinson, who were living at the death of the testator, took immediate vested interests in remainder, after the death of the said Sarah Ann Robinson, in the property mentioned in said clause; and that the share thereof, which so vested in Nannie M. Robinson, who intermarried with Edward T. Robinson, passed on her death to her said husband surviving, as her administrator. Therefore, it is decreed and ordered, that the decree in each of these causes be reversed and annulled, *and that the appellants, in the first of the said causes, do pay unto the appellees therein, respectively, their costs by them expended in the cause; and that the executors of Nicholas Mills, deceased, out of the assets in their hands, pay to the appellant in the second cause his costs expended in the prosecution of the appeal here. And it is ordered that these causes be remanded to the said 'Circuit court for further proceedings, in accordance to the foregoing opinion and decree.
The decree in the third cause was as follows :
The court is of opinion that, while the court will take judicial notice of the fact, that on the thirtieth dajr of April 1863, the date of the transaction which is the subject of controversy in this cause, the treasury notes of the United States, and also the treasury notes of the Confederate States, were greatly depreciated in value, as compared with specie, it is not competent for the court to take judicial notice of the rate of depreciation of either currency at any particular time, nor of the extent to which, at any particular time, the treasury notes of the Confederate States were available, according to the common usages of business, for the payment of debts contracted before the war and payable in specie, or in current money of the United States, or for the purchase of property or otherwise.
The court is further of opinion, that inasmuch as the record in this cause contains no evidence upon these points, or either of them, it does not contain sufficient materials to enable the court to make a proper decision upon the questions in controversy. The court is therefore of opinion that the said Circuit court, instead of proceeding to make a decree upon the merits of the controversy in the existing state of the record, should have directed an enquiry by a commissioner, to ascertain what was, on the thirtieth day of April 1863, the value, as compared with specie, of the treasury notes *174 of the United States, and also of the treasury notes of *the Confederate States, and to what extent, at that time, the treasury notes of the Confederate States were, according to the common usages of business in Richmond, available for the payment of debts contracted before the war and payable in specie or in current money of the United States, and well secured on real estate, or for the purchase of property or otherwise, with leave to any of the parties to file additional evidence, as they may be advised, upon any matter involved in the cause, and that the' said decree is therefore erroneous.
Therefore, it is decreed and ordered that the said decree be reversed and annulled, and that the appellees, the executors of Nicholas Mills, dec’d, out of the assets in their hands, pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And the cause is remanded to the said Circuit court for further proceedings to be had therein, in conformity with the foregoing opinion and decree.
Decrees reversed.